B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Steven Thomas Clark | **DEFENDANTS**<br>United States Internal Revenue Service |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Macey Wilensky & Hennings, LLC<br>303 Peachtree St., Ste 4420, Atlanta, GA 30308<br>William A. Rountree   Tel 404-584-1244 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine dischargeability of taxes.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Steven Thomas Clark | BANKRUPTCY CASE NO. 16-61657 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | DIVISION OFFICE<br>Atlanta | NAME OF JUDGE<br>Hagenau | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
|  |  |  | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | | |
| DATE<br>08/17/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William A. Rountree | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 16-61657-WLH |
| | ) | |
| STEVEN THOMAS CLARK, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| STEVEN THOMAS CLARK, | ) | ADVERSARY PROCEEDING |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW Plaintiff, Steven Thomas Clark, and files this Complaint to Determine Dischargeability of Debt claimed by the United States Internal Revenue Service (the "IRS") and shows the Court as follows:

1. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

2. This Court has jurisdiction of this action under 28 U.S.C. § 1334.

3. The Debtor filed his petition for relief under Chapter 7, Title 11, United States Code (the "Bankruptcy Code"), on July 2, 2016 (the "Petition Date"). The Debtor and the IRS are subject to the jurisdiction of this Court.

04032160-

4. The IRS asserts a claim against Debtor for 2001, 2004, 2006, 2007, 2008, 2009, 2010 and 2011 income taxes (the "IRS Claim"), such claim having been scheduled in the aggregate amount of $385,122.95.

5. This is an action under 11 U.S.C. § 523(a)(1) for a determination that the IRS Claim is not excepted from discharge.

6. The IRS Claim is not a priority claim under Section 507(a)(3) or Section 507(a)(8) of the Bankruptcy Code.

WHEREFORE, the Debtor prays that this Court enter a judgment in favor of the Debtor adjudicating that the IRS Claim is not excepted from discharge and for such other relief as the Court deems just and proper.

Dated: Atlanta, Georgia
August 17, 2016

Respectfully submitted,

MACEY, WILENSKY & HENNINGS, LLC

/s/ William A. Rountree
William A. Rountree
Georgia Bar No. 616503

303 Peachtree Street, N.E.
Suite 4420
Atlanta, Georgia 30308
Telephone: (404) 584-1200
Facsimile: (404) 681-4355
wrountree@maceywilensky.com
*Attorneys for Debtor*

04032160-